UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JERRY A. REYNOLDS and STEVEN LOUPE, <br>     Plaintiffs, <br><br> v. <br><br> GREG DONATHAN, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 4:25-cv-4019-SEM-DJQ <br> ) <br> ) <br> ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiffs *pro se* Jerry Reynolds (also known as Cynthia Reynolds) and Steven Loupe (also known as Samantha Loupe) filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, which is now before the Court for screening.

### I. Screening Standard

The Court must "screen" Plaintiffs' Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In addition, this Court has an

independent duty to satisfy itself that federal subject matter jurisdiction exists in any case. *See Smith v. American General Life and Accident Insurance Company, Inc.*, 337 F.3d 888, 892 (7th Cir. 2003).

In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiffs' favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

Plaintiffs are residents at the Illinois Department of Human Services' Rushville Treatment and Detention Center ("Rushville"). The Complaint identifies the following Defendants: Rushville staff Greg Donathan, Erin Posey, and Cherryle Hinthorne, and Rushville resident Jacob McGlasson.

Plaintiffs allege that they were legally married in December 2018, at Rushville in Schuyler County, Illinois. However, Plaintiffs allege that fellow Rushville resident McGlasson filed a petition for

dissolution of marriage in Schuyler County Circuit Court on their behalf and without their consent. Plaintiffs allege that at least one of them went before the Circuit Court to dispute the petition.[1] However, a judgment of dissolution of marriage was entered in the Circuit Court on July 6, 2021.

Plaintiffs further allege that Defendants Donathan, Posey, and Hinthorne had some knowledge of McGlasson's actions but did not take any steps to investigate or to stop McGlasson. Defendants at Rushville have not allowed Plaintiffs to share a room together.

Plaintiffs seek the following relief. First, Plaintiffs ask this Court to open an investigation regarding the handwriting on the Schuyler County petition for dissolution of marriage. Second, Plaintiffs ask that this Court grant them the right to remarry and to be housed in the same room at Rushville. Third, Plaintiffs ask this Court to grant a writ for Plaintiffs to go to the Cook County Courthouse to renew their marriage vows. Fourth, Plaintiffs want

---

[1] This Court takes judicial notice of Schuyler County Circuit Court case 2017-D-7, in which public records show that Reynolds was the petitioner and Loupe was the respondent. According to the public docket in that case, Reynolds appeared, by video, on at least two occasions, including on the date that the judgment of dissolution entered.

money damages for each day that they are not housed in the same room. Finally, Plaintiffs ask for a restraining order against Defendants, to prevent them from interfering with Plaintiffs' marriage or property.

### III. Analysis

First, the Court also takes judicial notice of Central District of Illinois case 23-cv-4035, *Loupe v. Donathan*. In that case, filed on March 2, 2023, the Court allowed Plaintiff Loupe[2] to pursue a Fourteenth Amendment Due Process claim based upon allegations that Rushville had not allowed Loupe to live with Reynolds, even though the two had been married for several years. At summary judgment, the record established that the marriage between Loupe

---

[2] The complaint filed in 2023 initially named both Loupe and Reynolds as Plaintiffs. However, in screening that complaint, the Court noted that it was "not entirely clear that both Plaintiffs ha[d] signed the Complaint" and allowed only Loupe to proceed as Plaintiff.

The Court observes that there are several purported signatures by Reynolds in the instant Complaint and the declarations/affidavits attached thereto. Although many of those signatures are followed by Plaintiff Loupe's initials, at least one signature by Reynolds appears to have been notarized. For the time being, the Court is satisfied that both Loupe and Reynolds have signed the Complaint and may proceed as Plaintiffs in this matter.

and Reynolds had been dissolved on July 6, 2021. Therefore, the Court entered summary judgment in favor of Defendant Donathan, holding that Plaintiff Loupe's Fourteenth Amendment rights had not been violated by Rushville's decision not to allow Loupe to reside with Reynolds and that Plaintiff was not entitled to any injunctive relief.

Therefore, Plaintiffs' claims in this case may be subject to claim or issue preclusion.

Regardless, Plaintiffs' suit is barred by the *Rooker-Feldman* doctrine, which is a "limitation on the subject-matter jurisdiction of lower federal courts." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 704 (7th Cir. 2014).

> Lower federal courts are not vested with appellate authority over state courts. The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced. The rationale for the doctrine is that no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it.

*Jakupovic v. Curran,* 850 F.3d 898, 902 (7th Cir. 2017), *quoting Sykes v. Cook Cty. Cir. Ct. Prob. Div.,* 837 F.3d 736, 741–42 (7th Cir. 2016) (citations omitted).

This Court has no authority to grant Plaintiff's request that this Court interfere in the Schuyler County or Cook County Circuit Courts by investigating the dissolution of marriage entered in Schuyler County Circuit Court or by issuing a writ for Plaintiffs to go to Cook County Circuit Court to have their marriage vows "renewed." To the extent that Plaintiffs are challenging the validity of the judgment of dissolution of marriage, that should be taken up in the Schuyler County Circuit Court (i.e., the state court that entered that judgment).

Similarly, to the extent that Plaintiffs are seeking an order of protection against any Defendants, that request is not properly made in federal court. Typically, orders of protection are issued by state Circuit Courts pursuant to Illinois state law. *See* 75 Ill. Comp. Stat. 60/21 *et seq.*

In addition, fellow Rushville resident Jacob McGlasson is not properly sued pursuant to § 1983. "Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights *under color of state law.*" *Snyder v. King,* 745 F.3d 242, 246 (7th Cir. 2014) (emphasis added). McGlasson is a private citizen and civil detainee whom Plaintiffs

may not plausibly allege was acting under color of state law when he allegedly fraudulently petitioned for the dissolution of Plaintiffs' marriage.

Finally, the Court turns to Plaintiffs allegations that Defendants Donathan, Posey, and Hinthorne should be held liable for failing to stop McGlasson and for denying Plaintiffs requests to room together.  Complaints may be filed under § 1983 due to officials' failure to protect prisoners or detainees from a serious risk to their health or safety.  But the Court is not aware of any failure to protect claims that are based upon a risk of allegedly fraudulent legal filings, rather than risks to physical health or safety.

Moreover, the Court returns to the limitations placed upon its jurisdiction by the *Rooker-Feldman* doctrine.  Plaintiffs clearly alleged that one or both of them appeared before the Schuyler County Circuit Court to testify in the dissolution proceedings. There is no basis for this Court to hold Defendant officials at Rushville liable for refusing to house Plaintiffs together when they were relying on a state court judgment that dissolved Plaintiffs' marriage.  To allow Plaintiffs to pursue a claim against Defendants because they knew, or should have known, that another resident

had falsely filed the petition in state court would call into question the underlying state court judgment of dissolution. *See Edwards v. Illinois Board of Admissions*, 261 F.3d 723, 728-29 (7th Cir. 2001) ("In the Seventh Circuit, the test for whether a claim is 'inextricably intertwined' with a state court judgment is whether the alleged injury resulted from the judgment itself or is distinct from that judgment. If the former, the federal court lacks subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional.").

"When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction." *Jakupovic*, 850 F.3d at 904. "A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits." *Id.*

**IT IS THEREFORE ORDERED:**

1) **Plaintiffs' Complaint [1] is DISMISSED without prejudice.**

2) **This matter is terminated, and all pending motions are MOOT.**

ENTERED May 21, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE